IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN, | No. 2:19-CV-2486-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| SAN JOAQUIN COUNTY, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's motion for the appointment of counsel (ECF No. 5).

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the

1 Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment
2 of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to plaintiff, appointment of counsel is warranted because: (1) he is incarcerated; (2) he is indigent; (3) the issues involved in his case are complex; and (4) he has mental health issues. These are common and not particularly exceptional circumstances. As to plaintiff's mental health issues, plaintiff has not offered any evidence suggesting the level of disability, if any, caused by such issues. A review of the docket reflects that plaintiff has thus far been able to articulate his claims. Contrary to plaintiff's statement, the legal and factual issues involved in this case, which primarily involves a claim of sexual assault by a staff member in violation of the Eighth Amendment, are not complex. Finally, at this stage of the proceedings before the complaint has been served, before an answer has been filed, before discovery has been conducted, and before any dispositive motions have been filed, the Court cannot say that plaintiff has demonstrated any particular likelihood of success on the merits.

Accordingly, IT IS HEREBY ORDERED that plaintiff's request for the appointment of counsel (ECF No. 5) is denied.

Dated:  June 5, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

2