IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY, et al.,<br><br>　　　　Defendants. | No.  2:19-CV-2486-DMC-P<br><br><br>ORDER |

　　　　Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is plaintiff's first amended complaint (ECF No. 9).

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) San Joaquin County; (2) L. Eldridge, the Acting Warden of the California Health Care Facility (CHCF); and (3) P.T. Martin, a psychiatric technician at CHCF.  See ECF No. 9, pgs. 1-2.  Plaintiff's claims are summarized below.

Martin -- Plaintiff states that, while under suicide watch at CHCF, he was sexually assaulted by defendant Martin on May 9, 2019.  See id. at 6.

Eldridge – Plaintiff claims defendant Eldridge is liable for failing to adequately train and supervise defendant Martin.  See id. at 5.  He also claims Eldridge is liable for failing to provide adequate security and safety measures, including video monitoring and emergency alert systems.  See id.

San Joaquin County – Plaintiff alleges that San Joaquin County is liable because it "has established an unconstitutional custom at the California Health Care Facility that is so longstanding it amounts to actual policy."  Id. at 4.  According to plaintiff: "San Joaquin County has failed to provide for the California Health Care Facility sufficient staffing, staff supervision, video monitoring, consideration for effect of facility design or modification, and emergency call buttons to better protect inmates against sexual abuse."  Id.  Plaintiff states that he was sexually assaulted by a mental health staff member (defendant Martin) on May 9, 2019.

/ / /

/ / /

/ / /

/ / /

## II. DISCUSSION

The Court finds that plaintiff has stated sufficient facts for this case to proceed against defendant Martin on an Eighth Amendment excessive force claim arising from the alleged sexual assault on May 9, 2019. The Court, however, finds that the amended complaint is insufficient as to the remaining defendants.

### A.  Defendant Eldridge

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

///

///

///

In this case, plaintiff sues Eldridge, who holds a supervisory position as Acting Warden of CHCF.  Plaintiff has not, however, alleged how this defendant's personal conduct caused the claimed constitutional violation.  Rather, it appears plaintiff assigned liability under a respondeat superior theory, which is not cognizable under § 1983.  Plaintiff will be provided an opportunity to amend.

### B.     Defendant San Joaquin County

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

In this case, plaintiff names San Joaquin county as a defendant.  While he claims the county has implemented an unconstitutional custom, plaintiff cannot allege facts which would show that custom resulted in a violation of his rights while housed at CHCF because CHCF is not a county-run facility.  Rather, CHCF is run by the State of California through the California Department of Corrections and Rehabilitation.  It is simply impossible for any custom of the county to have affected conditions at CHCF.

///

///

///

4

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a second amended complaint within 30 days of the date of service of this order.

Dated:  June 5, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5