IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>Plaintiff,<br><br>v.<br><br>L. ELDRIDGE, et al.,<br><br>Defendants. | No.  2:19-CV-2486-WBS-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No. 12.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

On October 30, 2020, the Court issued a screening order addressing the second amended complaint.  See ECF No. 16.  In that order, the Court summarized Plaintiff's allegations as follows:

> Plaintiff names the following as defendants: (1) L. Eldridge, the Acting Warden of the California Health Care Facility (CHCF); and (2) P.T. Martin, a psychiatric technician at CHCF. Plaintiff's claims are summarized below.
> Martin -- Plaintiff states that, while under suicide watch at CHCF, he was sexually assaulted by Defendant Martin on May 9, 2019.
> Eldridge – Plaintiff claims Defendant Eldridge is liable for failing to adequately train and supervise defendant Martin.  He also claims Eldridge is liable for failing to provide adequate security and safety measures, including video monitoring and emergency alert systems.

Id. at 2.

The Court determined the second amended complaint is appropriate for service as to Defendant Martin, but found the allegations insufficient as to Defendant Eldridge.  See id.  As to Defendant Martin, the Court stated:

> Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act.  See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

2

> When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.
>
> In this case, plaintiff sues Eldridge, who holds a supervisory position as Acting Warden of CHCF. Plaintiff has not, however, alleged how this defendant's personal conduct caused the claimed constitutional violation. Nor has Plaintiff alleged implementation of any policy which itself is so deficient as itself constitute a repudiation of Plaintiff's rights. Rather, it appears plaintiff assigns liability under a respondeat superior theory, which is not cognizable under § 1983. Plaintiff will be provided one additional opportunity to amend before the Court recommends dismissal of Defendant Eldridge.
>
> ECF No. 16, pg. 3.

Plaintiff was provided an opportunity to file a third amended complaint and was informed that, if no third amended complaint was filed within the time provided, the action would proceed on the second amended complaint against Defendant Martin and the Court would issue findings and recommendations that Defendant Eldridge be dismissed. Plaintiff has not filed a third amended complaint within the time provided and the Court now recommends dismissal of Defendant Eldridge for the reasons stated in the October 30, 2020, order. By separate order issued herewith, the Court directs service on Defendant Martin.

///

///

///

///

///

///

///

///

///

Based on the foregoing, the undersigned recommends that Defendant Eldridge be dismissed and that this action proceed on the second amended complaint as against Defendant Martin only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

4