1
2
3
4
5
6
7
8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DOMINIQUE MERRIMAN,                    No.  2:19-CV-2486-WBS-DMC-P

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   RYAN MARTIN,

15              Defendant.

16

17              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18   42 U.S.C. § 1983.  Pending before the Court is Defendant's motion to dismiss.  ECF No. 33.

19   Defendant argues the Court should "partially dismiss the Second Amended Complaint on the

20   basis that: (1) Defendant is immune from the damages claims brought against him in his official

21   capacity; (2) Plaintiff's requests for injunctive relief are moot; and (3) Plaintiff's claims for

22   injunctive relief are improper requests for prospective relief."  Id. at 1.  Plaintiff has not filed an

23   opposition.

24              In considering a motion to dismiss, the Court must accept all allegations of

25   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

26   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

27   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

28   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

1

ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

2

1   1994).

2          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

3   amendment can cure the defects." <u>Lucas v. Dep't of Corr.</u>, 66 F.3d 245, 248 (9th Cir. 1995) (per

4   curiam); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

5

6                                    **I. BACKGROUND**

7          Plaintiff initiated this action with a civil rights complaint against San Joaquin

8   County, L. Eldridge, the Warden of the California Health Care Facility (CHCF), and P.T. Martin,

9   a Psychiatric Technician at CHCF.  <u>See</u> ECF No. 1.  Plaintiff then filed a first amended complaint

10  as of right against the same defendants on January 30, 2020.  <u>See</u> ECF No. 9.  On June 8, 2020,

11  the Court issued an order addressing Plaintiff's first amended complaint in which the Court

12  identified defects in Plaintiff's claims and provided Plaintiff an opportunity to amend.  <u>See</u> ECF

13  No. 11.  Plaintiff filed a second amended complaint on June 22, 2020.  <u>See</u> ECF No. 12.

14         On October 30, 2020, the Court addressed the sufficiency of Plaintiff's second

15  amended complaint.  <u>See</u> ECF No. 16.  Initially, the Court observed that Plaintiff no longer

16  named San Joaquin County as a defendant.  <u>See</u> <u>id.</u> at 2. The Court directed that San Joaquin

17  County be terminated as a defendant to this action.  The Court concluded that the second

18  amended complaint stated a cognizable Eighth Amendment claim against Defendant Martin,

19  whom Plaintiff alleges sexually assaulted him on May 9, 2019, while Plaintiff was on suicide

20  watch.  <u>See</u> <u>id.</u>  The Court found that Plaintiff failed to state a cognizable claim against Defendant

21  Eldridge, the prison warden.  <u>See</u> <u>id.</u> at 2-3.  Plaintiff was provided an opportunity to further

22  amend.  <u>See</u> <u>id.</u> at 4.

23         Plaintiff elected not to file a third amended complaint within the time allowed

24  therefor in the Court's October 30, 2020, order and, on March 9, 2021, the Court issued findings

25  and recommendations that Defendant Eldridge be dismissed and an order directing service of the

26  second amended complaint on Defendant Martin.  <u>See</u> ECF Nos. 19 and 23.  A waiver of service

27  was filed on behalf of Defendant Martin on May 17, 2021.  <u>See</u> ECF No. 27.  On June 1, 2021,

28  the District Judge adopted the March 9, 2021, findings and recommendations and dismissed

1   Defendant Eldridge and directed that the action proceed against Defendant Martin on Plaintiff's

2   claim raised in the second amended complaint.  See ECF No. 29.  On June 14, 2021, the Court

3   granted Defendant Martin a 60-day extension of time to respond to Plaintiff's second amended

4   complaint.  See ECF No. 32.  Defendant Martin filed the instant motion to dismiss on August 13,

5   2021.  See ECF No. 33.  Defendant seeks partial dismissal with respect to damages and injunctive

6   relief available under the second amended complaint but has not otherwise responded to

7   Plaintiff's substantive allegations.

8

9                                    **II.  DISCUSSION**

10          Defendant argues: (1) Defendant is immune under the Eleventh Amendment from

11  damages for claims against him in his official capacity; (2) Plaintiff's requests for injunctive

12  relief are moot; and (3) Plaintiff's requests for injunctive relief are improper requests for

13  prospective relief.  See ECF No. 33, pg. 1.  Defendant does not challenge the sufficiency of

14  Plaintiff's substantive allegations.

15          **A.      Eleventh Amendment Immunity**

16          The Eleventh Amendment prohibits federal courts from hearing suits brought

17  against a state both by its own citizens, as well as by citizens of other states.  See Brooks v.

18  Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991).  This prohibition

19  extends to suits against states themselves, and to suits against state agencies.  See Lucas v. Dep't

20  of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); Taylor v. List, 880 F.2d 1040, 1045 (9th

21  Cir. 1989).   The Eleventh Amendment also bars actions seeking damages from state officials

22  acting in their official capacities.  See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena

23  v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam).  The Eleventh Amendment does not,

24  however, bar suits against state officials acting in their personal capacities.  See id.  Under the

25  doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for

26  prospective declaratory or injunctive relief against state officials in their official capacities.  See

27  Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

28  / / /

                                          4

1    Defendant Martin argues:

2       . . .Here, the State has not consented to this suit.  Therefore, any
        damages claims against Defendant in his official capacity are barred by
3       the Eleventh Amendment and should be dismissed.

4    ECF No. 33, pg. 4.

5       The Court agrees.  Defendant Martin is immune from damages claims to the extent

6    Defendant Martin is sued in his official capacity.  Defendant Martin is not, however, immune

7    under the Eleventh Amendment for damages claims against him in his personal capacity.  As

8    Defendant Martin acknowledges, Plaintiff sues him in both his official and personal capacities.

9    See id. at 3 (citing Plaintiff's second amended complaint, ECF No. 12, pg. 1).  Therefore,

10   Plaintiff's damages claims may nonetheless proceed against Defendant Martin.

11   **B.    Requests for Injunctive Relief**

12      In the second amended complaint, Plaintiff requests the following injunctive relief:

13   (1) installation of in-cell cameras at CHCF for all mental health housing higher than the EOP

14   level of care; (2) implementation of emergency call systems in Acute & ICF units at CHCF; and

15   (3) new policies and procedures that would provide additional mental health staff supervision.

16   See ECF No. 12, pg. 7.  Defendant argues Plaintiff's requests for injunctive relief are moot

17   because Plaintiff is no longer housed at CHCF and improper requests for prospective relief.  See

18   ECF No. 33, pgs. 4-5.

19      Plaintiff claims that Defendant Martin sexually assaulted him on May 9, 2019,

20   while Plaintiff was on suicide watch at CHCF.  See ECF No. 12.  Plaintiff was housed at CHCF

21   when he initiated this action.  See ECF No. 1.  On April 12, 2021, Plaintiff filed a notice of

22   change of address to the California Medical Facility in Vacaville, California.  See ECF No. 24.

23   On October 25, 2021, Plaintiff filed a second notice of change of address reflecting his transfer to

24   California State Prison – Los Angeles County in Lancaster, California.  See ECF No. 34.

25      As Defendant correctly notes, when an inmate is transferred to another prison and

26   there is no reasonable expectation or demonstrated probability that he will again be subject to the

27   prison conditions from which he seeks injunctive relief, the claims for injunctive relief are

28   rendered moot.  See Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995); see also Prieser v.

1 | Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per

2 | curiam).  Here, Plaintiff has not alleged facts in the second amended complaint allowing for a

3 | reasonable inference that Plaintiff is expected to be returned to CHCF.  Nor has Plaintiff

4 | responded to Defendant's motion with evidence demonstrating such an expectation or that

5 | Plaintiff will be subjected to sexual harassment while on suicide watch at another institution.  The

6 | Court agrees with Defendant that Plaintiff's requests for injunctive relief are moot. Because

7 | Plaintiff's requests for injunctive relief are moot, the Court does not address whether they are

8 | improper requests for prospective relief as any such discussion would merely be advisory.

9 |

10 | ### III.  CONCLUSION

11 | Based on the foregoing, the undersigned recommends that:

12 | 1.    Defendant's unopposed motion to dismiss, ECF No. 33, be granted;

13 | 2.    Plaintiff's damages claims against Defendant in his official capacity be

14 | dismissed;

15 | 3.    Plaintiff's requests for injunctive relief be denied as moot; and

16 | 4.    This action proceed on Plaintiff's second amended complaint for damages

17 | against Defendant Martin in his personal capacity.

18 | These findings and recommendations are submitted to the United States District

19 | Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

20 | after being served with these findings and recommendations, any party may file written objections

21 | with the Court.  Responses to objections shall be filed within 14 days after service of objections.

22 | Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

23 | Ylst, 951 F.2d 1153 (9th Cir. 1991).

24 |

25 | Dated:  November 1, 2021

26 |

27 | DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

28 |